AO 243 (Rev. 10/07)

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 19 2016

MATTHEW J. DYKMAN
CLERK

Page 1

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: New Mexico |
|---|---|
| Name (under which you were convicted): Orlando Jose Garcia | Docket or Case No.: 16CV122 WJ/CG |
| Place of Confinement: (USP) Hazelton, P.O. Box 2000 Bruceton Mills, W.V. 26525 | Prisoner No.: 26597-051 |
| UNITED STATES OF AMERICA           v. | Movant (include name under which convicted) Orlando Jose Garcia, |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: U.S. District Court, For The District of New Mexico

   (b) Criminal docket or case number (if you know): 1:03CR001746-001WPJ

2. (a) Date of the judgment of conviction (if you know): June 29, 2005,
   (b) Date of sentencing: June 29, 2005,

3. Length of sentence: 180 Months

4. Nature of crime (all counts): § 922(g)(1) and 924(a)(2)
   Read attached hereto: "Two Pages out of Movant's Judgment In The Criminal Case":

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐    (2) Guilty ☑    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to? Plea guilty to the Nature of Crimes stated on Section 4. "Herein Above"

6. If you went to trial, what kind of trial did you have? (Check one) N/A,  Jury ☐   Judge only ☐

Foot Note: U.S. Supreme Court "New Substantive Rule" in Johnson, 2015 BL 204915, U.S., No# 13-7120 (6/26/15), made retroactively on cases under Collateral Review, apply to this Movant.

AO 243 (Rev. 10/07)

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒

9. If you did appeal, answer the following:
   (a) Name of court: N/A
   (b) Docket or case number (if you know): N/A
   (c) Result: N/A
   (d) Date of result (if you know): N/A
   (e) Citation to the case (if you know): N/A
   (f) Grounds raised: N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
      If "Yes," answer the following:
      (1) Docket or case number (if you know): N/A
      (2) Result: N/A

      (3) Date of result (if you know): N/A
      (4) Citation to the case (if you know): N/A
      (5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A

    (4) Nature of the proceeding: N/A

    (5) Grounds raised: N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☒   N/A

    (7) Result: N/A

    (8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: N/A

    (2) Docket of case number (if you know): N/A

    (3) Date of filing (if you know): N/A

    (4) Nature of the proceeding: N/A

    (5) Grounds raised: N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☒   N/A

    (7) Result: N/A

    (8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐    No ☒   N/A

    (2) Second petition:    Yes ☐    No ☒   N/A

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** U.S. Supreme Court Strikes down the sentencing component under the (residual clause) Pursuant to § 924(e)(2)(B)(i) & (ii) Pursuant to § 922(g) as "Unconstitutionally Vague", which was made Retroactive:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
In Johnson, 2015 BL 204915 U.S., No# 13-7120 (6/26/15), the supreme Court Justices Ruling/Opinion, apply to the Movant's sentence under the (ACCA). The Movant asserts that all his prior convictions used to enhanced his sentence under the (ACCA) where used under the (Residual Clause). Therefore, based on the Johnson, supra., he [NO] longer fall under the (ACCA) which his actual innocent of the (ACCA) enhanced sentence

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑   N/A
  (2) If you did not raise this issue in your direct appeal, explain why: The Johnson law was not into affect during Movant's sentencing, the law in this circuit was settled.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☑   N/A
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: N/A
  Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐   N/A

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐   N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND TWO: The Johnson, supra, has open the door to challenge certain unconstitutional components issues to the §922(g)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The (ACCA) is an arm of the "Career Offender" statute, which Courts have held that the Johnson, decision further applies to the "Career Offender" statute as well. In the "Career Offender" statute, it states that the instant offense must be a violent Crime before the "Career Offender" statute can apply. So not only does the Priors must be violent, but also the instant offense. "A felon in Possession of a Firearm or Ammunition is not a Violent Crime". The Supreme Court has held back about (2008) that a defendant's Prior Conviction for a simple Firearm Possession was not a Violent Crime & could not be use to enhance a defendant's sentence as a Violent Crime. The Movant asserts herein that he plea guilty to a Felon in Possession of a "Firearm/Ammunition" which its not a Violent Crime, which he is further actual innocent of the (ACCA) enhanced sentence, even assuming for sake of arguento that all his Prior Convictions where Considered Violent. See U.S. v. Archer, 531 F.3d 1347 (11th Cir. 08)(quoting Begay, 128 S.Ct. 1581, 1583, (2008).

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐    No ☑ N/A

   (2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐    No ☐ N/A

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐    No ☐ N/A

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐    No ☐ N/A

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐    No ☐ N/A

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____N/A_____

**GROUND THREE:** _____N/A_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____N/A_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐   N/A

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐   N/A

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____N/A_____

Name and location of the court where the motion or petition was filed: _____N/A_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available): _N/A_

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐   No ☐   N/A

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐   No ☐   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐   No ☐   N/A

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_
Date of the court's decision: _N/A_
Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _N/A_

**GROUND FOUR:** _N/A_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _N/A_

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐   No ☐   N/A

   (2) If you did not raise this issue in your direct appeal, explain why:

   N/A

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐   No ☐   N/A

   (2) If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: N/A

   Name and location of the court where the motion or petition was filed: N/A

   Docket or case number (if you know): N/A

   Date of the court's decision: N/A

   Result (attach a copy of the court's opinion or order, if available): N/A

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☐   N/A

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☐   N/A

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes ☐   No ☐   N/A

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: N/A

   Docket or case number (if you know): N/A

   Date of the court's decision: N/A

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds One & Two have not been raised for any reason because the law was settled on the issues until June 26, 2015, that the U.S. Supreme Court decision in Johnson, Supra, which now applies to the Movant.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: "Don't Remember"

(b) At the arraignment and plea: "Don't Remember"

(c) At the trial: N/A

(d) At sentencing: "Don't Remember"

AO 243 (Rev. 10/07)

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   N/A

   (b) Give the date the other sentence was imposed: N/A
   (c) Give the length of the other sentence: N/A
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☒  N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

> The U.S. Supreme Court recent decision in Johnson, supra, allows the Movant to file this §2255. Which the one-year statute of limitations begins on June 26, 2015.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.


Therefore, movant asks that the Court grant the following relief: "Evidentiary Hearing"

or any other relief to which movant may be entitled.

_N/A_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on January 13, 2016 .
(month, date, year)

Executed (signed) on January 13, 2016 (date).

_Orlando Vaccin_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.
N/A

AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

UNITED STATES OF AMERICA
V.
**Orlando Jose Garcia**

Judgment in a Criminal Case

(For Offenses Committed On or After November 1, 1987)
Case Number: **1:03CR001746-001WPJ**
USM Number: 26597-051
Defense Attorney: Jacquelyn Robins

THE DEFENDANT:

☒ pleaded guilty to count(s) **II of Indictment**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm and Ammunition | 08/01/2003 | II |

The defendant is sentenced as specified in pages 2 through 5 of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| **Bernalillo** | **6/29/2005** |
|---|---|
| County of Residence | Date of Imposition of Judgment |

/s/ William P. Johnson
Signature of Judge

**Honorable William P. Johnson**
**United States District Judge**
Name and Title of Judge

**6/29/2005**
Date Signed

Defendant: Orlando Jose Garcia
Case Number: 1;03CR001746-001WPJ

## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **180 months**.

☒ The court makes these recommendations to the Bureau of Prisons:

**Florence Federal Correctional Institution, Florence, Colorado, if eligible**
The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant must surrender to the United States Marshal for this district:
  ☐ at on
  ☐ as notified by the United States Marshal.
☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal



Orlando Jose Garcia # 26597-051
(USP) Hazelton, P.O. Box 2000,
Bruceton Mills, W.V. 26525

Legal Mail

RECEIVED
At Albuquerque NM
FEB 19 2016
MATTHEW J. DYKMAN
CLERK

U.S. Dist. Court For The Dist.
OF New Mexico
Pete V. Domenici United States
Courthouse
333 Lomas Boulevard
Suite-270, Albuquerque
NM 87102